IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

OLUWASHINA KAZEEM
AHMED-AL-KHALIFA,

    Plaintiff,
v.                                                    CASE NO. 1:13-cv-49-MW-GRJ

BARACK HUSSEIN OBAMA, et al..,

    Defendants.

_____/

**REPORT AND RECOMMENDATION**

This case is before the Court on Plaintiff's *pro se* Complaint. (Doc. 1.) Plaintiff has also filed a motion for leave to proceed as a pauper, a motion for appointment of counsel, and a motion to receive notices via email. (Docs. 2, 3, 6.) For the following reasons, the undersigned recommends that the case should be dismissed for lack of subject matter jurisdiction and lack of standing.

Plaintiff brings claims against three defendants in this case: Barack Obama, President of the United States; Wen Jiabao, Premier of the People's Republic of China; and Choe Youg-rim, Premier of the Republic of North Korea. (Doc. 1.) Plaintiff, a resident of Nigeria, seeks redress for the "unlawful detention of Shaker Aamer in Guantanamo Bay since 11 years ago without the right to a fair trial by the United States of America government," "the persecution of Gao Zhisheng and his family by the Chinese government without the rights to a fair trail [sic]," and the "detention, torture and persecution of Shin Dong-Hyuk, and the execution of his mother and brother without due process of the law by the North Korean government." (Doc. 1, at 2, 5, 7.)

As relief, Plaintiff requests that the "rights accorded [the three individuals] under the International Treaties and Fundamental rights should be afforded [them] without any further delay." *Id.* at 15.

It is well established that federal courts are obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking. *See Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir. 2004). Pursuant to 28 U.S.C. § 1332(a)(1), the Court has jurisdiction over cases where there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000. Further, the Court has subject matter jurisdiction over cases involving a federal question. 28 U.S.C. § 1331. Here, Plaintiff seeks to bring claims under the Alien Tort Statute ("ATS"), 28 U.S.C. § 1350, as well as the Torture Victim Protection Act ("TVPA").

The ATS provides that the "district courts shall have original jurisdiction of any civil action by an alien for a tort only, committed in violation of the law of nations or a treaty of the United States." 28 U.S.C. § 1350. The ATS is jurisdictional in nature and "provides a cause of action 'for a modest number of international law violations with a potential for personal liability at the time [of its enactment].'" *Aldana v. Del Monte Fresh Produce, Inc.*, 416 F.3d 1242, 1246 (11th Cir. 2005) (quoting *Sosa v. Alvarez-Machain*, 542 U.S. 692, 723-24 (2004)); *see also Estate of Amergi ex rel. Amergi v. Palestinian Authority*, 611 F.3d 1350, 1362 (11th Cir. 2010) (noting that the ATS provides subject-matter jurisdiction).

The Supreme Court recently addressed the extraterritorial reach of the ATS in *Kiobel v. Royal Dutch Petroleum Co.*, 133 S. Ct. 1659 (2013). The *Kiobel* plaintiffs were Nigerian nationals residing in the United States who sued, under the ATS, various

Dutch, British, and Nigerian corporations premised on the theory that these corporations "aided and abetted the Nigerian Government in committing violations of the law of nations in Nigeria." *Id.* at 1662. "On these facts," the Court found, "all the relevant conduct took place outside the United States." *Id.* The Court held that the "presumption against extraterritoriality applies to claims under the ATS" and because nothing in the ATS rebuts that presumption, "petitioners' case seeking relief for violations of the law of nations occurring outside the United States is barred." *Id.* at 1669. The Court also stated that "even where the claims touch and concern the territory of the United States, they must do so with sufficient force to displace the presumption against territorial application." *Id.*

In this case Plaintiff complains of human rights violations that have occurred in China and North Korea. In light of *Kiobel*, the ATS cannot confer subject-matter jurisdiction onto Plaintiff's claims because the violations at issue occurred outside the United States, and the detention of Gao Zhisheng and Shin Dong-Hyuk does not "touch" or "concern" the United States in such a way that would overcome the ATS's presumption against extraterritoriality.

With respect to Plaintiff's claims related to the detention of Shaker Aamer at Guantanamo Bay, as well as the detention of Gao Zhisheng and Shin Dong-Hyuk, Plaintiff lacks standing to bring claims under both the ATS and the TVPA. Plaintiff seeks to bring claims on behalf of individuals to whom he is not related and does not appear to know, stating only that he has read about their cases through information provided by Amnesty International. Plaintiff's assertions are insufficient to confer third-party standing. *See Young Apartments, Inc. v. Town of Jupiter, Fla.*, 529 F.3d 1027,

1042 (11th Cir. 2008) (noting that in order to bring a claim on behalf of a third party, the litigant must "have suffered an 'injury-in-fact,' thus giving him or her a 'sufficiently concrete interest' in the outcome of the issue in dispute; the litigant must have a close relation to the third party; and there must exist some hindrance to the third party's ability to protect his or her own interests.").

Plaintiff has filed five other suits alleging similar claims in the Northern District of Florida.  In *Ahmed-al-Khalifa v. Queen Elizabeth II, et al.*, Case No. 5:13-cv-103-RS-CJK (N.D. Fla. Apr. 19, 2013), Magistrate Judge Kahn noted that Plaintiff has also filed similar suits in many other district courts in the United States.  See *Ahmed-Al-Khalifa v. Ecowas Court of Justice*, Case No. 1:13cv01380 (N.D. Ill. 2013) (dismissing plaintiff's complaint against the Ecowas Court of Justice as lacking subject matter jurisdiction under the ATS and failing to state a claim under the Torture Victim's Protection Act ("TVPA")); *Oluwashina Kazeem Ahmed-Al-Khalifa v. Abba Moro*, Case No. 1:13cv01381 (N.D. Ill. 2013) (dismissing plaintiff's complaint under the ATS as frivolous and failure to show a violation of an international norm required under the ATS); *Oluwashina Kazeem Ahmed-Al-Khalifa v. European Court of Human Rights*, Case No. 1:13cv142/RWS (N.D. Ga. 2013) (dismissing plaintiff's complaint as meritless); *Ahmed-Al-Khalifa v. Jordan, et al.*, Case No. 3:13cv276/CSH (D. Conn. 2013) (R&R issued recommending dismissal of claims brought under 28 U.S.C. § 1350); *Oluwashina Kazeem Ahmed-Al-Khalifa v. Minister of Justice, Equality and Law Reform*, Case No. 3:13cv272/CSH (D. Conn. 2013) (R&R issued recommending dismissal of claims as lacking jurisdiction under 28 U.S.C. § 1350); *Oluwashina Kazeem Ahmed-Al-Khalifa v. Kingdom of Spain*, Case No. 3:13cv271/CSH (D. Conn. 2013) (R&R issued

recommending dismissal of claims as lacking jurisdiction under 28 U.S.C. § 1350); *Oluwashina Kazeem Ahmed-Al-Khalifa v. King Sunnyade*, Case No. 1:12cv10288 (N.D. Ill. 2012) (dismissing plaintiff's complaint as lacking subject-matter jurisdiction and failure to implicate a violation of the law of nations or any U.S. treaty).  As Judge Kahn aptly observed, Plaintiff "seems to be seeking a forum that will allow these frivolous and meritless complaints to go forward," but "[s]uccess in that regard appears unlikely." (Case No. 5:13-cv-103-RS-CJK, Doc. 5, at 6.)

In light of the foregoing, it is respectfully **RECOMMENDED** that

1. The Complaint, Doc. 1, should be **DISMISSED with prejudice** for lack of subject matter jurisdiction and lack of standing.

2. Plaintiff's motion to proceed as a pauper, Doc. 2, should be **DENIED**.

3. Plaintiff's motion for appointment of counsel, Doc. 3, should be **DENIED**.

4. Plaintiff's motion to receive updates by email, Doc. 6, should be **GRANTED**.

**IN CHAMBERS** this 1st day of July 2013.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.